IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12–cv–01764–WYD–KMT

NEFTALI MARCIAL,

    Plaintiff,

v.

DEUTSCHE BANK OF AMERICA,
ONE WEST BANK, and
INDYMAC MORTGAGE SERVICES,

    Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

    This matter comes before the court on Plaintiff Neftali Marcial's failure to appear at the October 4, 2012, Scheduling Conference and his failure to comply with this court's orders.

    Pursuant to the Order of Reference dated July 24, 2012 (Doc. No. 6), this civil action was referred to the Magistrate Judge to, *inter alia*, convene a scheduling conference under Fed. R. Civ. P. 16(b) and enter a scheduling order meeting the requirements of D.C.COLO.LCivR 16.2. (*Id.*) Pursuant to the Local Rules of Practice for the United States District Court for the District of Colorado, "[a] judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order." D.C.COLO.LCivR 41.1.

On August 3, 2012, this court entered its "Order Setting Rule 16(b) Scheduling Conference and Rule 26(f) Planning Meeting." (Doc. No. 8.) Therein, the court set a Rule 16(b) scheduling conference for October 4, 2012, at 10:30 a.m. (*Id.*) The order also set a deadline of September 27, 2012, for the parties to submit their proposed Scheduling Order. (*Id.*) On September 27, 2012, Defendants timely filed the proposed Scheduling Order without any input from Plaintiff. (Doc. No. 9.) In the proposed Scheduling Order, Defendants' counsel noted that she attempted to reach Plaintiff via the telephone number on file with the court on a number of occasions—including, most recently, on September 24 and 27, 2012. (*Id.* at 1 n.1.) However, although the voicemail associated with that telephone number indicated that it was for the "Marcial residence," Defendants' counsel's numerous phone calls were not returned. (*Id.*) On October 4, 2012, Plaintiff failed to appear for the October 4, 2012, Scheduling Conference. (*See* Doc. No. 10.)

Plaintiff bears the responsibility of complying with court orders and prosecuting his case. The Federal Rules of Civil Procedure give a district court ample tools to deal with recalcitrant litigants. *See Jones v. Thompson*, 99 F.2d 261, 264 (10th Cir. 1993). Fed. R. Civ. P. 16(f)(1)(C) and 37(b)(2) and D.C.COLO.LCivR 41.1 enable the court to impose sanctions, including dismissal, when a party fails to obey pretrial orders. Fed. R. Civ. P. 41 and D.C.COLO.LCivR 41.1 also enable the court to dismiss a case when a party fails to prosecute a case.

The Tenth Circuit has recognized that "[a] district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir.2002). However, a

dismissal with prejudice is a more severe sanction, and generally requires the district court to consider certain criteria. *AdvantEdge Bus. Group v. Thomas E. Mestmaker & Assoc., Inc.*, 552 F.3d 1233, 1235 (10th Cir.2009). In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir.1992), the Tenth Circuit set forth a non-exhaustive list of factors to be considered when evaluating grounds for dismissal of an action with prejudice. The factors are: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* at 921 (internal quotations and citations omitted); *see also Gates Rubber Co. v. Bando Chems. Indus.*, 167 F.R.D. 90, 101 (D. Colo.1996). "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.' " *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 921).

Consideration of the *Ehrenhaus* factors weighs in favor of dismissal with prejudice. First, the court finds that Defendants have been prejudiced by Plaintiff's failure to prosecute this matter. They promptly responded to this matter by filing a motion to dismiss on July 13, 2012 (*see* Doc. No. 5), and also complied with their court-ordered obligations by filing a proposed scheduling order—even though they had not received any response or input from Plaintiff. In light of Plaintiff's failure to prosecute this matter, these actions were taken in vain.

Second, the court finds that Plaintiff has significantly interfered with the judicial process by failing to prosecute this matter and by failing to respond to court orders. Plaintiff now has

failed to respond to this court's Order to Show Cause or to give an explanation for his failure to do so. Plaintiff has shown contempt by willfully failing to comply with this court's orders and by repeatedly wasting judicial resources. Third, this court finds Plaintiff is culpable for the delays in this case and for the violations of this court's orders. Fourth, this court specifically warned Plaintiff that his failure to comply with this court's orders could result in a recommendation for dismissal for his failure to comply.

The court concludes that the five *Ehrenhaus* factors have been satisfied in this matter and that dismissal with prejudice is appropriate.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that the Complaint and this action be dismissed in their entirety, with prejudice, pursuant to Fed. R. Civ. P. 41, D.C.COLO.LCivR 41.1, and *Ehrenhaus v. Reynolds,* 965 F.2d 916 (10th Cir. 1992). The court further

RECOMMENDS that Defendants' "Motion to Dismiss Plaintiff's Petition for Declaratory Judgement and Quiet Title Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. No. 5) be DENIED as moot. The court further

RECOMMENDS that the District Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this recommendation would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). Thereafter, if Plaintiff files a notice of appeal he also must pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of

Appeals for the Tenth Circuit within thirty days of the court's final order in accordance with Fed. R. App. P. 24.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir.

1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 28th day of November, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge