IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.   12-cv-01764-WYD-KMT

NEFTALI MARCIAL,

    Plaintiff,

v.

DEUTSCHE BANK OF AMERICA;
ONE WEST BANK; and,
INDYMAC MORTGAGE SERVICES,

    Defendants.

---

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

THIS MATTER is before the Court on Magistrate Judge Tafoya's Recommendation [ECF No. 12], filed on November 28, 2012.  Because the plaintiff, Neftali Marcial, proceeds *pro se*, I referred all motions and court proceedings to Magistrate Judge Tafoya [ECF No. 6].  Magistrate Judge Tafoya recommends that this action should be dismissed with prejudice because of Marcial's lack of prosecution and failure to comply with court orders.  The Recommendation is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(b), D.C.COLO.LCivR 72.1.

**BACKGROUND**

This case arises out of the execution of a home loan and the subsequent failure to make timely payments toward the loan.  On August 9, 2004, Marcial obtained a $116,254 home loan from defendant, IndyMac Bank (now OneWest Bank) (erroneously referred to as "IndyMac Mortgage Services").  Marcial secured the home loan with a

deed of trust recorded against his residence in Aurora, Colorado.  OneWest was the lender on the deed of trust and Mortgage Electronic Registration Systems, Inc. ("MERS") was the named beneficiary.  Marcial stopped making payments on the loan and on September 8, 2011, MERS assigned the deed of trust to defendant, Deutsche Bank (erroneously referred to as "Deutsche Bank of America").  Deutsche Bank sought to recoup Marcial's delinquent loan payments.  Thus, on November 16, 2011, Deutsche Bank filed a motion in Arapahoe County District Court, State of Colorado, requesting authorization to sell Marcial's residence pursuant to the deed of trust.  In March 2012, the court granted the motion and authorized the sale of Marcial's residence.

On June 13, 2012, Marcial filed a petition for declaratory judgment and quiet title in Arapahoe County District Court, State of Colorado, against Deutsche Bank, IndyMac, and OneWest Bank.  In the petition, Marcial alleges that "Deutsche Bank of America and OneWest Bank lack the capacity and standing to execute the power of sale under the deed of trust due to prejudicial procedural irregularities." ECF No. 1-2, p. 5, ¶ 23. On July 6, 2012, the defendants removed the action to the United States District Court for the District of Colorado [ECF No. 1].  On July 13, 2012, the defendants filed a Motion To Dismiss Plaintiff's Petition For Declaratory Judgment And Quiet Title Pursuant To FED. R. CIV. P. 12(b)(6) [ECF No. 5], arguing that this action should be dismissed because:  (1) "Deutsche Bank was the holder of the Note when it filed the Motion for Order Authorizing Sale in the Rule 120 Action;" ECF No. 5, p. 6, ¶ 2, and, (2) "[p]laintiff has alleged no facts to show he has a claim to the title of the property, much less one more superior than that of defendants." ECF No. 5, p. 9, ¶ 1.

On October 4, 2012, Magistrate Judge Tafoya held a Scheduling Conference. Marcial failed to appear at the Scheduling Conference. On October 17, 2012, Magistrate Judge Tafoya issued an Order to Show Cause [ECF No. 11] ordering Marcial to show cause in writing on or before November 7, 2012, "why his 'Petition for Declaratory Judgment and Quiet Title' (Doc. No. 1-2) should not be dismissed for failure to prosecute his case and failure to comply with court orders." ECF No. 11, p. 3, ¶ 3. Marcial did not respond to Magistrate Judge Tafoya's Order to Show Cause. On November 28, 2012, Magistrate Judge Tafoya issued a Recommendation [ECF No. 12] stating that Marcial's complaint should be dismissed for failure to prosecute and failure to comply with court orders, pursuant to FED. R. CIV. P. 41, D.C.COLO.LCivR 41.1, and *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992). Magistrate Judge Tafoya advised the parties that written objections to the Recommendation were due within 14 days after service of a copy of the Recommendation. ECF No. 12, p. 5, ¶ 2. As of Monday, February 11, 2013, Marcial has not responded to Magistrate Judge Tafoya's Order to Show Cause [ECF No. 11] and he has not filed an objection to Magistrate Judge Tafoya's Recommendation [ECF No. 12].

## ANALYSIS

### A. Legal Standard

Because no objections have been filed, I am vested with discretion to review the Recommendation "under any standard [I] deem[] appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard,

when neither party objects to those findings"). Though not required to do so, I review the Recommendation to "satisfy [my]self that there is no clear error on the face of the record."[1] FED. R. CIV. P. 72(b) Advisory Committee Notes.

## B. Marcial's Lack of Prosecution and Failure to Comply with Court Orders

Magistrate Judge Tafoya analyzed Marcial's lack of prosecution and failure to comply with court orders under the factors set forth by the United States Court of Appeals for the Tenth Circuit in *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992). In *Ehrenhaus*, the appellant failed to appear at a court-ordered deposition after being warned that failure to appear would result in dismissal of his complaint. The district court dismissed the complaint with prejudice for the appellant's willful violation of its "order to appear." *Id.* at 920. One issue before the Court was whether dismissal with prejudice was a proper sanction for an "intentional violation of a discovery order." 965 F.2d at 918. In holding that the district court's sanction of dismissal with prejudice was proper, the Court stated that, "[b]efore choosing dismissal as a just sanction, a court should ordinarily consider a number of factors . . . " *Id.* at 921. The Court stated that the following factors should be considered: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* (internal quotations and citations omitted).

Magistrate Judge Tafoya states that analysis under the *Ehrenhaus* factors warrants dismissal of this action with prejudice. I agree. Marcial instituted this action on

---

[1] Note, this standard of review is something less than a "clearly erroneous or contrary to law" standard of review, FED. R. CIV. P. 72(a), which in turn is less than a de novo review, FED. R. CIV. P. 72(b).

June 13, 2012, and has failed to take any steps to prosecute this action since its inception. The defendants have complied with all court orders and have expended resources in defending this suit. Magistrate Judge Tafoya warned Marcial that his failure to prosecute and failure to comply with court orders would result in dismissal [ECF No. 11, p. 3, ¶ 3], and he failed to heed that warning.

Pursuant to D.C.Colo.LCivR 41.1, both Magistrate Judge Tafoya and I have authority to dismiss a case for lack of prosecution or for failure to comply with local rules.[1] Having considered Magistrate Judge Tafoya's Recommendation [ECF No. 12] and the facts surrounding this action, I agree that dismissal is warranted and I am satisfied that there is no clear error on the face of the record. Further, I find that Magistrate Judge Tafoya's Recommendation [ECF No. 12] is thorough, well-reasoned, and sound.

## CONCLUSION

After careful consideration of the matter before this Court, it is

ORDERED that Magistrate Judge Tafoya's Recommendation [ECF No. 12], filed on November 28, 2012, is **AFFIRMED** and **ADOPTED.** It is

FURTHER ORDERED that plaintiff, Neftali Marcial's, claims are **DISMISSED**.

Dated:  February 11, 2013.

---

[1] Pursuant to D.C.Colo.LCivR 41.1:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

BY THE COURT:


/s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior U. S. District Judge